## Wetschler v. Wetschler

*Toni M. Cherry,* for plaintiff.
*Susan Wilkie,* for defendant.

REILLY, *P.J.,* December 26, 1984—Plaintiff filed a divorce action alleging that the parties have lived separate and apart for a period of at least three years, and that the marriage is irretrievably broken. As defendant admits that the parties have lived separate and apart since December 20, 1981, the issue as to whether three years have indeed passed since their separation became moot as of December 20, 1984. Further, this court finds the marriage to be irretrievably broken.

The Superior Court in Wolk v. Wolk, 318 Pa. Super. 311, 464 A.2d 1359 (1983), recognized the propriety of severing economic claims from divorce issues in cases such as this. This court has examined the individual facts of this case and weighed the advantages and disadvantages of bifurcation to each of the parties in this particular action. It is this court's determination that the consequences of bifurcating the case will be of greater benefit than not bifurcating and will thus grant the bifurcation.

We have here a case where divorce is clearly inevitable. The factors entitling plaintiff to a divorce have clearly been met. A speedy dissolution of a marriage that is demonstrably over is a goal of the Divorce Code. It seems best to allow the parties to restructure their lives and not be held hostage to economic matters which can be easily settled later. The dependent spouse will still receive alimony pendente lite and child support from plaintiff. This, accompanied by her other income sources, will maintain her lifestyle at or very near its predivorce level. Most of the disadvantages to bifurcation cited by defendant are those that will exist in any case and were surely considered by the legislature in

passing section 401(b) of the Divorce Code and by the Supreme Court in establishing Rule 1920.52(c) of the Pa.R.C.P., which were cited in Wolk as providing for bifurcation. Wolk v. Wolk, 464 A.2d at 1360. The Wolk court also noted several potential tax advantages which seem as important as the potential disadvantages cited by defendant.

Defendant cites potential disadvantages to her should plaintiff die after the divorce but prior to the resolution of the economic issues. The court finds these to be entirely too speculative in nature, especially since there have been no allegations of ill health of the husband. Furthermore, defendant would be entitled to her equitable distribution in any event. This court sees little disadvantage to defendant from the fact that she will be required to pay for her own medical insurance. Defendant clearly has sufficient income to handle this easily and without affecting her lifestyle, and further, she will be required to do this in a very short time anyway.

Again, it is this court's determination that the consequences of bifurcating the case will be of greater benefit than not bifurcating and we see no great prejudice resulting to defendant.

Accordingly, this court enters the following

## ORDER

Now, this December 26, 1984, it is the order of this court that the divorce and economic issues in this case be bifurcated and, further, that a decree of divorce dissolving the above marriage be granted. The current economic situation is to remain unchanged pending final resolution of those issues.